UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON, <br>     Plaintiff, <br> v. <br> THE TORRES ENTERPRISES LP, et al., <br>     Defendants. | Case No.18-cv-02929-VKD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 22 |

    Plaintiff Scott Johnson asserts claims against defendants The Torres Enterprises LP, Elodia S. Torres (collectively, "Torres"), Shac Del Medio Apartments LLC ("Shac Del Medio"), Varkins Incorporated ("Varkins"), and Does 1-10 for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. No. 1. Mr. Johnson voluntarily dismissed Shac Del Medio on July 16, 2018. Dkt. No. 12. The remaining defendants, Torres and Varkins, move to dismiss Mr. Johnson's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] Dkt. No. 31. The Court heard oral argument on the motion on January 22, 2019. Dkt. No. 30.

    Having considered the parties' moving papers and arguments made at the hearing, the Court grants defendants' motion to dismiss and grants defendants' request for judicial notice.

## I.    BACKGROUND

    Mr. Johnson is a level C-5 quadriplegic who relies on a wheelchair for mobility. Dkt. No. 1 ¶ 1. He also has significant manual dexterity impairments. *Id.* Mr. Johnson alleges that in October 2017, December 2017, January 2018, and March 2018, he visited the Hotel Aria located

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 21.

1   at 2700 W. El Camino Real, Mountain View, California. *Id.* ¶¶ 2-11, 16. During these visits, Mr. Johnson observed that the hotel lacked a compliant, accessible parking space in violation of the ADA and the Unruh Act. *Id.* ¶¶ 18-34. Mr. Johnson also observed that the hotel did not provide accessible rooms dispersed among the various classes of sleeping accommodations available to non-disabled patrons, including with respect to the number of beds provided. *Id.* ¶¶ 35-49. On one occasion, Mr. Johnson was not provided an accessible room at all. *Id.* ¶¶ 41-47. Mr. Johnson contends that Torres owns the real property on which the hotel is located and that Varkins owns the hotel. *Id.* ¶¶ 2-5, 8-11. He filed this action on May 18, 2018. *See generally* Dkt. No. 1.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject

2

matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

## III. DISCUSSION

### A. General Order 56

As a threshold matter, Mr. Johnson argues that defendants' motion violates this District's General Order 56 and should be denied on that basis. General Order 56 states in relevant part: "All other discovery and proceedings are STAYED unless the assigned judge orders otherwise." Mr. Johnson asserts that General Order 56 "automatically stays all litigation proceedings" until after mandatory mediation takes place, and that "if a party wishes to engage in discovery, motion work, or other proceedings, they can file a motion for administrative relief." Dkt. No. 25 at 2.

Several judges in this District, including the undersigned, have had occasion to consider this same argument and have concluded that General Order 56 does not stay all proceedings in an ADA case, but instead stays only discovery and similar proceedings, and "dictates an early case management process that has been tailored to ADA access cases filed in this district." *Johnson v. Sebanc*, No. 18-cv-00585-DMR, 2018 WL 3159699, at *2 n.2 (N.D. Cal. June 28, 2018); *see also Johnson v. Winchester Campbell Props., LLC*, No. 18-cv-04153-VKD, 2018 WL 661994, at *2

3

(N.D. Cal. Dec. 18, 2018). In particular, judges in this District have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings. *Johnson v. 1082 El Camino Real, L.P.*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018); *Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on res judicata grounds"); *Che v. San Jose/Evergreen Cmty. College District Found., et al.*, No. 17-381 BLF, Dkt. No. 34 at 2 (N.D. Cal. May 26, 2017) ("Upon further review of General Order 56, the Court concludes that the language imposing a stay on '[a]ll other discovery and proceedings' does not clearly encompass the filing of an answer or motion in response to a complaint.").

This Court likewise finds that General Order 56 does not bar defendants from bringing a motion to dismiss for lack of subject matter jurisdiction, but even if the Order did bar such motions, the Court exercises its discretion to permit defendants' challenge here. *See* General Order 56 ¶ 9.

### B. Defendants' Request for Judicial Notice

Defendants request the Court take judicial notice pursuant to Federal Rule of Evidence 201(b)(2) of a Google Maps street view image of the subject property. Dkt. No. 28. A court "shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed. R. Civ. P. 201(d); *Mullis v. United States Bank*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). The Ninth Circuit has taken judicial notice of Google's maps and satellite images as a source whose accuracy cannot be reasonably be questioned. *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (internal quotations omitted). At least one court in this District also has taken judicial notice of a Google Maps street view photograph similar to that which defendants propose judicially noticing here. *Call v. Badgley*, 254 F. Supp. 3d 1051, 1061 n.5 (N.D. Cal. 2017).

It is not entirely clear that defendants have provided "the necessary information" in support of their request for judicial notice. Defendants did not provide a declaration authenticating the photograph attached as Exhibit A to their request, as required by Federal Rule of Evidence 901.

4

1  However, Mr. Johnson did not object to defendants' request for judicial notice, and he does not

2  dispute the photograph's authenticity. Accordingly, the Court will take judicial notice of the

3  Google Maps street view photograph of the subject property showing no building on the site.

### C. Defendants' Rule 12(b)(1) Motion

#### 1. ADA claim

Title III's anti-discrimination provision applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The parties do not dispute that the hotel qualifies as a place of public accommodation under section 12182(a).

Defendants bring a factual challenge to the Court's subject matter jurisdiction, arguing that they cannot be liable for a Title III violation because they no longer own or lease the hotel or the real property on which it is located. Dkt. No. 22 at 2. In fact, defendants say, the hotel no longer even exists. After Torres sold the real property to Shac Del Medio in April 2018 and Varkins's lease expired in June 2018, Shac Del Medio demolished the hotel building, thus permanently removing the barriers Mr. Johnson experienced. *Id.* In support of their motion, defendants rely on the declaration of Ashok Choudhary, President of Varkins, and a Google Maps street view image of the property purporting to show no building at the 2700 W. El Camino Real location. Dkt. No. 23; Dkt. No. 28, Ex. A. Torres and Varkins contend that because they no longer have an interest in the property, and because the hotel at issue no longer exists, Mr. Johnson's claim for injunctive relief under the ADA is moot.

Mr. Johnson does not offer any contrary evidence, or any other evidence that meets his burden to establish subject matter jurisdiction. *See St. Clair*, 880 F.2d at 201; *Savage*, 343 F.3d at 1040 n.2. At the hearing on defendants' motion, he stipulated that he is unaware of any evidence that would support a finding that his ADA claim is not moot. Nevertheless, Mr. Johnson argues that defendants' evidence of the hotel's closure is insufficient because Mr. Choudhary's declaration is "self-serving." Dkt. No. 25 at 3. He argues that defendants have not shown that they have permanently ceased operations at the hotel and suggests that the Court infer that defendant will resume operations because they "only closed [their] business *after* being sued." *Id.* at 3–5 (emphasis original).

5

The Court need not consider defendants' purported motivations for ceasing to operate the hotel. The uncontroverted evidence shows that none of the defendants has an interest in the real property or the hotel, and that the hotel itself no longer exists, rendering highly implausible Mr. Johnson's suggestion that operations may yet resume.

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). In *Moore v. Millennium Acquisitions, LLC*, the Ninth Circuit found an ADA claim moot where defendant had sold the gas station where plaintiff encountered architectural barriers, and the gas station was being dismantled. 708 F. App'x 485, 485 (9th Cir. 2018). In *Wander v. Kaus*, the Ninth Circuit affirmed the district court's ruling that the plaintiff's ADA claim was moot following the defendant's sale of the subject property. 304 F.3d 856, 857–58, 860 (9th Cir. 2002). In view of the record before the Court, Mr. Johnson cannot plausibly expect to encounter any of the alleged barriers in the future. *Moore*, 708 F. App'x at 485; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The Court finds Mr. Johnson's ADA claim moot and on that basis grants defendants' motion to dismiss for lack of subject matter jurisdiction.

The Court observes that any doubts Mr. Johnson may have harbored about the mootness of his ADA claim could have been resolved by a timely joint site inspection, as provided in General Order 56. The deadline for such inspection was August 31, 2018. Dkt. No. 5. At the hearing, the parties advised the Court that no inspection had taken place, even after defendants informed Mr. Johnson that the hotel had been demolished. The irony of Mr. Johnson's opposition to defendants' motion on the ground that strict compliance with General Order 56 should be required is not lost on the Court.

### 2. Unruh Act claim

Mr. Johnson argues that the Court should retain jurisdiction over his state law Unruh Act

claim even if the ADA claim is dismissed as moot. The complaint asserts a claim for violation of the Unruh Act based solely on a violation of the ADA; it does not assert an independent Unruh Act violation for "intentional discrimination in public accommodations in violation of the terms of the Act" or "willful, affirmative misconduct." *See* Dkt. No. 31 ¶¶ 53-57; *Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)). Because Mr. Johnson's ADA claim is moot, his Unruh Act claim is likewise moot. *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) ("Where a state-law claim is based entirely on a mooted ADA claim, it follows that the state-law claim is mooted as well."); *see also Kohler v. Southland Foods, Inc.*, 459 F. A'ppx 617, 618–19 (9th Cir. 2011) (holding that an Unruh Act claim alone does not independently sustain federal court jurisdiction merely because the Unruh Act incorporates an ADA violation as an element); *Wander*, 304 F.3d at 857 (same).

At the hearing, Mr. Johnson argued that the Court should retain jurisdiction over his Unruh Act claim for reasons of judicial economy, but he was unable to articulate how the interest of judicial economy would be served by exercising supplemental jurisdiction here. To the contrary, the Court finds that the interest of judicial economy is best served by declining to exercise supplemental jurisdiction over Mr. Johnson's state law claim. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 993–94 (9th Cir. 1991); *see also* 28 U.S.C. § 1367(c)(3); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003), *amended at* 350 F.3d 916 (9th Cir. 2003); *Alakozai v. Valley Credit Union*, No. C10-02454 HRL, 2010 WL 5017173, at *1 (N.D. Cal. Dec. 3, 2010) (dismissing federal claim with leave to amend and declining supplemental jurisdiction over remaining state law claims).

**IV.  CONCLUSION**

For the foregoing reasons, the Court grants defendants' request for judicial notice and grants defendants' motion to dismiss Mr. Johnson's ADA claim for lack of subject matter jurisdiction under Rule 12(b)(1). The Court declines to exercise supplemental jurisdiction over Mr. Johnson's Unruh Act claim, which is dismissed without prejudice. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: January 22, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge